IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **GABRIEL EDGAR SAUCEDO INFANTE,** § | | |
| Petitioner, § | | |
| § | | |
| **V.** § | A-08-CA-666-SS | |
| § | | |
| **NATHANIEL QUARTERMAN,** § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's memorandum in support thereof (Document 2). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied in part and dismissed in part.

## I. STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 274th Judicial District Court of Caldwell County, Texas in cause number 2002-002. Petitioner asserts he was convicted of aggravated kidnaping and criminal conspiracy. As a result, he was sentenced to 20 years in prison on the aggravated kidnaping charge and 15 years in prison on the criminal conspiracy charge. According to Petitioner, his appeal was dismissed on February 13, 2003.

Petitioner has filed four state applications for habeas corpus relief. Ex parte Infante, No. 58,933-01, -02, -03 and -04. The first was denied on April 26, 2004. The second was dismissed as non-compliant on May 4, 2006. The third was also dismissed as non-compliant on February 26, 2008. The fourth was dismissed as successive on June 5, 2008.

B.   **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied effective assistance of counsel and

2. The trial court and the Texas Court of Criminal Appeals erred by denying Petitioner's state writ and not considering his allegations.

## II. DISCUSSION AND ANALYSIS

To the extent Petitioner complains the Texas Court of Criminal Appeals and the state trial court did not adequately consider all of his claims during state habeas review which denied him meaningful access to the court system, his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

To the extent Petitioner challenges his conviction his claims are time-barred. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on March 15, 2003, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment dismissing his appeal. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

discretionary review in state court ended."). Petitioner does not specify when he filed his first state application for habeas corpus relief. However, the application was denied on April 26, 2004. For purposes of this Report and Recommendation the Court will use this date as the date on which Petitioner's first state application for habeas corpus relief was filed, as this is the most beneficial date possible for Petitioner. Under this assumption, Petitioner would have had to have filed his federal application on or before April 26, 2005. Petitioner undated federal application was received by the United States District Court for the Southern District of Texas on August 25, 2008, more than three years after the expiration of the limitations period.

 Petitioner's second and third applications do not operate to toll the limitations period, because they were not properly filed. An application for state post-conviction relief is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). See also Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (state habeas application "properly filed" when it conforms with state's applicable procedural filing requirements such as those governing time and place of filing). Petitioner's second and third state habeas corpus applications did not constitute "properly filed" applications for purposes of 28 U.S.C. § 2244(d)(2), because the Texas Court of Criminal Appeals determined the applications failed to comply with TEX. R. APP. P. 73.2. Edwards v. Dretke, 116 Fed. Appx. 470, 471 (5th Cir. 2004).

 Petitioner's fourth application also does not operate to toll the limitations period. Petitioner's fourth application would have been filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (stating a state habeas application filed after the federal limitations period had expired does not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied in part and dismissed with prejudice in part as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of September, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE